UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YIGAL BOSCH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-1683 |
| | § | |
| RONALD E TIGNER, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Cozen O'Connor's ("O'Connor") Motion for Final Summary Judgment (Doc. 4). Upon review and consideration of this motion, the response, reply, and surreplies thereto (Docs. 6–8 and 15), the relevant legal authority, and for the reasons explained below, the Court finds that Defendant's motion should be granted.

I. Background and Relevant Facts

This is a derivative case arising out of prior litigation in this district in the matter of *Certain Underwriters at Lloyd's, London v. Corporate Pines Realty Corp.*, civil action no. H-06-3361. In that case, Plaintiff Certain Underwriters at Lloyd's, London ("Lloyd's") sought a declaratory judgment that it had no duty to indemnify the Defendant Corporate Pines Realty Corp. ("Corporate Pines") under a commercial property insurance policy for damages allegedly sustained at the insured's office buildings in Houston. Plaintiff *pro se* in this matter, Yigal Bosch ("Bosch"), is a real estate investor and the owner of Corporate Pines. On December 15, 2008, after a trial on the merits, U.S. Magistrate Judge Nancy K. Johnson found in favor of Lloyd's and awarded it $170,000 in attorneys' fees based on the Corporate Pines' "meritless insurance claims, meritless bad faith claims, and meritless obstructions to the discovery process." (Doc. 4-2 at 26.) On October 8, 2009, the Fifth Circuit affirmed the judgment. (*Certain*

*Underwriters at Lloyd's, London v. Corporate Pines Realty Corp.*, civil action no. H-06-3361, Docs. 117–18.)  On January 15, 2010, Magistrate Judge Johnson found Bosch in contempt for perpetrating a fraud on the court and sentenced him to twenty days' confinement.  (Doc. 4-3.)

On February 17, 2010, Bosch filed this suit against Ronald E. Tigner, Gregory S. Hudson, and O'Conner, the attorneys for Lloyd's in the prior matter, in the 152nd Judicial District Court of Harris County, Texas, in cause number 2010-10480, for violations of various state bar rules, conspiracy, fraud, negligence, business interference, malicious prosecution, defamation, and economic coercion.  (Doc. 1-5.)  On May 11, 2010, the Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1367(a) and 1332(a).  (Doc. 1.)  O'Connor now moves for final summary judgment.  (Doc. 4.)

II.  Standard of Review

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  Moreover, if the party moving for summary judgment bears the burden of proof on an

issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998) (overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert.*

*denied*, 506 U.S. 825 (1992).  Nor are pleadings summary judgment evidence.  *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075).  The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions.  *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990).  Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment.  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party.  *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party.  *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988).  The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).  There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

III.  Discussion

Defendants argue that Bosch's claims relate solely to the statements and actions of the Defendants taken as counsel for Lloyd's in the course of the underlying action and as such are precluded as a matter of law.  In Texas, an attorney for an opposing party has "the right to interpose defenses and pursue legal rights that he deems necessary and proper, without being

subject to liability or damages." *Albert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing *Bradt v. Sebek*, 14 S.W.3d 756, 766 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). This immunity applies even if the attorney's conduct was wrongful, frivolous or without merit, so long as it was part of the discharge of the lawyer's duties in representing her client. *Id.* at 406, citing *Renfroe v. Jones & Assoc.*, 947 S.W.2d 285 (Tex. App—Fort Worth 1997, writ denied). The privilege also applies to claims of defamation. *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982).

The Court finds that all of Bosch's claims in the instant matter arise from actions taken by the Defendants in the course of their representation of Lloyd's in the underlying suit.

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Defendant Cozen O'Connor's Motion for Final Summary Judgment (Doc. 4) is **GRANTED**.

Bosch's objection (Doc. 22) to the order of the Magistrate Judge (Doc. 21) denying Bosch's motion for sanctions against Lawrence B. Bowman for perjury (Doc. 16.) is **OVERRULED**. Plaintiff is referred to the undersigned's procedural rules, section IV(C) regarding discovery motions, which states that "*UPON THE COURT'S DISCRETION*, discovery motions may be referred to the Magistrate assigned to Judge Harmon."

SIGNED at Houston, Texas, this 24th day of March, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE